IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DONALD DEHART,                                  :

        Plaintiff,                              :    Case No. 3:15-cv-446

vs.                                             :    JUDGE WALTER H. RICE

CAROLYN W. COLVIN,                              :    CHIEF MAGISTRATE JUDGE
Acting Commissioner of Social Security,              SHARON L. OVINGTON

        Defendant.                              :

---

DECISION AND ENTRY ADOPTING REPORT AND RECOMMENDATIONS
OF UNITED STATES CHIEF MAGISTRATE JUDGE (DOC. #14) IN THEIR
ENTIRETY; OBJECTIONS OF PLAINTIFF DONALD DEHART (DOC. #15) TO
SAID JUDICIAL FILING ARE OVERRULED; JUDGMENT TO BE ENTERED
IN FAVOR OF PLAINTIFF AND AGAINST DEFENDANT CAROLYN W.
CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY,
REVERSING THE COMMISSIONER'S DECISION THAT PLAINTIFF WAS
NOT DISABLED AND, THEREFORE, NOT ENTITLED TO BENEFITS UNDER
THE SOCIAL SECURITY ACT, AND REMANDING CAPTIONED CAUSE TO
THE COMMISSIONER, PURSUANT TO THE FOURTH SENTENCE OF
42 U.S.C. § 405(g), FOR FURTHER PROCEEDINGS CONSISTENT WITH
THE REPORT AND RECOMMENDATIONS; TERMINATION ENTRY

---

Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) to review a decision of the Defendant Carolyn W. Colvin, Acting Commissioner of Social Security ("Commissioner"), denying Plaintiff's application for Social Security disability benefits. On November 15, 2016, Chief Magistrate Judge Sharon L. Ovington filed a Report and Recommendations, Doc. #14, recommending that the Commissioner's decision that Plaintiff Donald Dehart ("Plaintiff"), was not disabled and, therefore, not entitled to benefits under the Social Security Act ("Act"), 42 U.S.C. § 301 *et seq.*, be reversed as not

supported by substantial evidence, and that the above-captioned cause be remanded for further proceedings, pursuant to the fourth sentence of 42 U.S.C. § 405(g). Based upon reasoning and citations of authority set forth in the Chief Magistrate Judge's Report and Recommendations, Doc. #14, as well as upon a thorough *de novo* review of this Court's file, including the Administrative Transcript, Doc. #6, and a thorough review of the applicable law, this Court adopts the aforesaid Report and Recommendations in their entirety. Plaintiff's Objections to said judicial filing, in which he argues that the captioned cause should be remanded for immediate payment of benefits, Doc. #15, are overruled. In so doing, the Court orders the entry of judgment in favor of Plaintiff and against the Commissioner. The decision of the Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Act is reversed, and the captioned cause is remanded to the Commissioner, pursuant to the fourth sentence of 42 U.S.C. § 405(g), for proceedings consistent with the Report and Recommendations.

In reviewing the Commissioner's decision, the Magistrate Judge's task is to determine if that decision is supported by "substantial evidence." 42 U.S.C. § 405(g). Under 28 U.S.C. § 636(b)(1)(C), this Court, upon objections being made to the Magistrate Judge's Report and Recommendations, is required to make a *de novo* review of those recommendations of the report to which objection is made. This *de novo* review, in turn, requires this Court to re-examine all the relevant evidence, previously reviewed by the Magistrate Judge, to determine whether the findings "are supported by substantial evidence." *Valley v. Comm'r of Soc. Sec.*, 427 F.3d 388, 390 (6th Cir. 2005). This Court's sole function is to determine whether the record as a whole contains substantial evidence to support the Commissioner's decision. The Commissioner's findings must be

affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed.2d 126 (1938). "Substantial evidence means more than a mere scintilla, but only so much as would be required to prevent a directed verdict."[1] *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988). To be substantial, the evidence "must do more than create a suspicion of the existence of the fact to be established. . . . [I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986) (quoting *N.L.R.B. v. Columbian Enameling and Stamping Co.*, 306 U.S. 292, 300, 59 S.Ct. 501, 83 L.Ed. 660 (1939)).

In determining "whether there is substantial evidence in the record . . . we review the evidence in the record taken as a whole." *Wilcox v. Sullivan*, 917 F.2d 272, 276-77 (6th Cir. 1980) (citing *Allen. v. Califano*, 613 F.2d 139, 145 (6th Cir. 1980)). However, the Court "may not try the case *de novo*[;] nor resolve conflicts in evidence[;] nor decide questions of credibility." *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 422 (6th Cir. 2008) (quoting *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984)). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Rather, if the Commissioner's decision "is supported by substantial evidence, then we must affirm the [Commissioner's] decision[,] even though as triers of fact we might have arrived at a different result." *Elkins v. Sec'y of Health and Human*

---

[1] Now known as a "Judgment as a Matter of Law." Fed. R. Civ. P. 50.

*Servs.*, 658 F.2d 437, 439 (6th Cir. 1981) (citing *Moore v. Califano*, 633 F.3d 727, 729 (6th Cir. 1980)).

In addition to the foregoing, in ruling as aforesaid, this Court makes the following, non-exclusive, observations:

1. The Commissioner, in her response to Plaintiff's Objections, concedes that the decision of the Administrative Law Judge ("ALJ") that Plaintiff was not disabled should not be affirmed. Doc. #16, PAGEID #598 ("factual issues remain that need to be resolved on remand. Therefore, [Commissioner] requests [that] this Court . . . adopt the [Chief] Magistrate Judge's report."). The ALJ failed to explain why Dr. Bland's opinion was not entitled to controlling weight; indeed, she failed to articulate the weight, if any, she accorded Dr. Bland's opinion, much less any reason why she did so. Doc. #6, PAGEID #106. Further, it is undisputed that the ALJ "failed to apply the same level of scrutiny to the record-reviewing physicians as she applied to Plaintiff's treating physician," Doc. #14, PAGEID #576, in violation of the Commissioner's regulations. 20 C.F.R. §§ 404.1527(c), 416.927(c). These failures constitute clear legal errors, and consequently, the ALJ's decision is not supported by substantial evidence. Doc. #14, PAGEID #571. Accordingly, reversal of the Commissioner's non-disability finding is necessary.

2. Plaintiff, in his Objections, argues that remand for an award of benefits, rather than for rehearing or other proceedings, is appropriate. Doc. #15, PAGEID #581. However, "[a] judicial award of benefits is proper only where the proof of disability is overwhelming or where the proof of disability is strong and evidence to the contrary is lacking." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994)

(emphasis added). The opinions of the consultative examiner and record-reviewing physicians constitute non-minimal evidence in support of a finding of non-disability. Doc. #6, PAGEID #108-09 (citations omitted). While their opinions were not appropriately evaluated and weighed by the ALJ, the Commissioner should have the opportunity to do so. Moreover, the Commissioner, after properly weighing and evaluating Dr. Bland's opinion, may still appropriately decline to give controlling weight to that opinion. Accordingly, remand for further proceedings, rather than award of benefits, is required under Sixth Circuit precedent.

WHEREFORE, based upon the aforesaid, this Court adopts the Report and Recommendations of the United States Magistrate Judge, Doc. #14, in their entirety. Plaintiff's Objections, Doc. #15, to said judicial filing are overruled. Judgment will be ordered entered in favor of Plaintiff and against the Defendant Commissioner, reversing the decision of the Defendant Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act, and remanding to the Commissioner, pursuant to the fourth sentence of 42 U.S.C. § 405(g), for further proceedings consistent with the Report and Recommendations.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

December 29, 2016

_____
WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT